**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CARLOS DAVENPORT,  :  | Case No. 2:22-cv-4419 |
| Plaintiff,  : | |
| vs.  : | District Judge Algenon L. Marbley |
|  : | Magistrate Judge Elizabeth P. Deavers |
| THE STATE OF OHIO, et al.,  : | **REPORT AND** |
| Defendants.  : | **RECOMMENDATION** |

Plaintiff, a prisoner at the Ross Correctional Institution, has filed a pro se civil rights complaint in this Court against defendants the State of Ohio and Franklin County, Ohio. (Doc. 1). By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

A. **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

    **B. Allegations in the Complaint**

    Plaintiff brings this action against defendants the State of Ohio and Franklin County, Ohio. (Doc. 1, Complaint at PageID 1). Plaintiff alleges that defendants "have engaged and continue to engage in a Conspiracy which involves deliberate plotting to subvert the laws of the United States, and that deprive the plaintiff of rights, privileges, secured or protected by the Constitution and the Laws of the United States." (*Id.* at PageID 3). Without factual elaboration, plaintiff alleges that state and county officials have submitted unidentified false records to a United States District

Court, permitted "an unauthorized, unlicensed official of Franklin County to impersonate a Franklin County Court of Common Pleas Judge," and allowed rulings "without clear jurisdiction." (*Id.*). Plaintiff claims that the Franklin County Court of Common Pleas is engaging in a "Corrupt/Criminal pattern or practice which exceeds the Courts/States jurisdiction." (*Id.*).

Although plaintiff does not identify any specific state or county official or the proceeding in which false records were allegedly submitted, the undersigned notes that plaintiff made similar allegations against the state-court judge and other individuals involved in his state-court criminal trial in a prior habeas action filed in this Court. *See Davenport v. Warden,* Case No. 2:14-cv-245 (S.D. Ohio Mar. 11, 2014) (Doc. 11 at PageID 912-15, 917-18; Doc. 14 at PageID 960-63).

As relief, plaintiff seeks declaratory and injunctive relief. (*See* Doc. 1 at PageID 5).

The complaint should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, the State of Ohio is immune from suit in this federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar of suits in federal court against a state do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Nor has plaintiff sued a state official seeking prospective

relief for future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress did not "explicitly and by clear language" express its intent to "abrogate the Eleventh Amendment immunity of the States" in enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, plaintiff's claims for relief against the State of Ohio should be dismissed.

The complaint should also be dismissed as to Franklin County, Ohio. "It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Franklin County for his alleged injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be the "moving force" behind constitutional deprivation). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Aside from plaintiff's conclusory allegation that the complaint is intended "to remedy a Pattern or Practice" of unconstitutional conduct by officials of the Franklin County Court of

5

Common Pleas (*see* Doc. 1 at PageID 1), plaintiff fails to allege any facts to plausibly suggest that any county official acted pursuant to a particular policy or custom of Franklin County in allegedly violating his civil rights. *See Graham ex. rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) ("A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must 'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'") (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Franklin County.[2]

Plaintiff claims defendants conspired against him. However, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, construing the complaint liberally, plaintiff's factual allegations are insufficient to suggest that the defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right.

---

[2] As noted above, plaintiff does not name any specific Franklin County official in the complaint. To the extent that plaintiff seeks to hold a Franklin County judge liable based on his allegations, the compliant is subject to dismissal because judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Aside from plaintiff's conclusory allegations that officials acted in excess of jurisdiction, the complaint alleges no facts plausibly suggesting that any official presided over a matter over which they were without subject matter jurisdiction or performed non-judicial acts.

Plaintiff does not describe—aside from in vague, conclusory terms—any specific action taken by defendants. For example, without factual elaboration, plaintiff alleges as follows:

> The State of Ohio by way of its officers; (Franklin County Court of Common Pleas, agents for the State of Ohio) conspired and are currently conspiring to deprive rights of Plaintiff(s) and continue to neglect to prevent deprivation of rights guaranteed when it knowingly and with intent allowed the following "Criminal & Unconstitutional" act(s): Impersonation of Judge(s), practicing law by unlicensed agents of the County/State, known systematic malfeasances with corrupt intent by agents of Franklin County, the State of Ohio and others as defined by Confederacy Clause, to subvert the laws and guarantees of the United States Constitution.

(Doc. 1 at PageID 2). Plaintiff's vague, unsubstantiated and conclusory claims based on a conspiracy theory lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983.

Finally, to the extent that plaintiff claims defendants violated various federal statutes, the complaint must also be dismissed for failure to state a claim. The complaint includes allegations regarding 18 U.S.C. §§ 1001, 1621, 241, and 242. However, these criminal statutes do not provide plaintiff with a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. July 9, 2003) (there is no private right of action under either 18 U.S.C. §§ 241, 242) (*citing Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir. 1994)); *Fuller v. Unknown Officials*, 387 F. App'x 3, 4 (D.C. Cir. 2010) ("To the extent appellant attempted to raise causes of action based on criminal statutes, there is no private cause of action for perjury, 18 U.S.C. § 1621 . . . or false statements, 18 U.S.C. § 1001 "). Plaintiff also appears to rely on 42 U.S.C. § 14141, the Violent Crime Control and Law Enforcement Act of 1994, which provides for a civil action by the United States Attorney General. The statute does not provide plaintiff with a private cause of action. *See, e.g.*, *Weathers v. Holland Police Dep't*, No. 1:13-cv-1349, 2015 WL 357058, at *3 (W.D. Mich. Jan. 27, 2015) (dismissing claim under § 14141 upon finding that the section does not create a private cause of action); *Logue v. U.S. Marshals*, Case No. 1:13-cv-348, 2013 WL 3983215, at *3 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Aug. 1, 2013) (Report and

Recommendation) (finding that the plaintiff could not bring a claim under § 14141 because only the United States Attorney General can bring a civil action under the section), *adopted* (S.D. Ohio Sept. 23, 2013). Accordingly, to the extent that plaintiff claims defendants violated the above federal statutes the complaint should be dismissed for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date:   April 24, 2023                                             s/ *Elizabeth A. Preston Deavers*
                                                                   Elizabeth A. Preston Deavers
                                                                   United States Magistrate Judge