IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CARLOS DAVENPORT,** | : |
| **Plaintiff,** | : Case No. 2:22-cv-4419 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : |
| | : Magistrate Judge Elizabeth P. Deavers |
| **STATE OF OHIO,** *et al.*, | : |
| | : |
| **Defendants.** | : |
| | : |

**OPINION & ORDER**

This matter is before this Court on Plaintiff Carlos Davenport's Objections (ECF No. 10) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 7) recommending Defendant's Complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). For the following reasons, Plaintiffs' Objections (ECF No. 10) are **OVERRULED**. The R&R (ECF No. 7) is **ADOPTED**. Accordingly, this matter is **DISMISSED WITH PREJUDICE**.

I.    BACKGROUND

Plaintiff, a prisoner at the Ross Correctional Institution proceeding *in forma pauperis*, has filed a *pro se* civil rights action against the State of Ohio and Franklin County, Ohio. (ECF No. 7 at 1). Plaintiff alleges that state and county officials: (1) are conspiring to deliberately "subvert the laws of the United States" and deprive him of his rights; (2) have submitted false records to the federal courts; and (3) have impersonated Franklin County Court of Common Pleas judges. (ECF No. 1). These claims arise from a 2010 criminal proceeding against Mr. Davenport in the Franklin County Court of Common Pleas. *See Davenport v. Warden*, Case No. 2:14-cv-245, ECF No. 1 at

1

14 (S.D. Ohio Mar 11, 2014) (prior habeas action brought by Plaintiff in this court against individuals involved in state-court criminal trial against Mr. Davenport).

On April 24, 2023, the Magistrate Judge issued an R&R recommending that this Court dismiss with prejudice Plaintiff's Complaint for failure to state a claim upon which relief may be granted. (ECF No. 7 at 8). The Magistrate Judge concluded that: (1) the State of Ohio is immune from suit pursuant to the Eleventh Amendment, which bars suit against a state; (2) Franklin County cannot be liable pursuant to 42 U.S.C. § 1983 where the plaintiff fails to demonstrate his injury was the result of an unconstitutional policy or custom (citing *Monell v. Dep't Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)); (3) Plaintiff pleaded no facts supporting his conspiracy claim nor that any public official presided over a matter absent subject matter jurisdiction; and (4) Plaintiff cites various statutes that provide no private right of action and are inapplicable to the subject matter of this case. (*Id.* at 4–7). The Magistrate Judge stated that pursuant to 28 U.S.C. § 1915(a)(3), an appeal of an Order adopting this R&R would not be taken in good faith and recommended that this Court deny Mr. Davenport leave to appeal *in forma pauperis*. (*Id.* at 8).

Although Plaintiff frames his response as three separate Objections, they each allege that Franklin County Court of Common Pleas Judge Richard Sheward and Bailiff Pat Griffin conspired to jail Mr. Davenport when he requested an appointed attorney after indicating he wanted to fire his retained attorney during the state criminal proceeding against him. (ECF No. 10). These allegations appear to respond to Plaintiff's failure to "identify any specific state or county official or the proceeding in which false records were allegedly submitted." (ECF No. 7 at 4). In support, Plaintiff submits transcripts from the criminal action against him in 2010 in Ohio state court in which he informed the court that he wished to fire his retained counsel, Kenneth Boggs, and requested appointed counsel. (ECF No. 10 at 17–22). Although Judge Sheward initially indicated

that he was reluctant to appoint Plaintiff counsel because Plaintiff had just posted a $27,000 bond, a substitution of counsel was entered and Attorney Christopher Cooper was appointed to represent Mr. Davenport. (*Id.* at 15). Further, Plaintiff alleges that Mr. Boggs was indefinitely suspended from the practice of law by the Ohio Supreme Court. (*Id.* at 12).

Because this matter has been fully briefed, the Motion is ripe for review.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), district judges must "determine de novo any part of the magistrate's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In its review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; 28 U.S.C. §636(b)(1). While the Court must consider all timely objections, the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to complete failure to object." *Slater v. Potter*, 28 Fed. App'x 512, 513 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). The objections must also "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380 (citing *Howard v. Sec'y of Health & Hum. Servs*, 932 F.2d 505, 509 (6th Cir. 1991)).

The pleadings of a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Among such essentials are the obligations under Rule 8(a) to provide "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."

3

### III.  LAW AND ANALYSIS

In his Objections, Plaintiff essentially reiterates, or expands, the substantive allegations made in his Complaint of conspiracy and criminal misconduct by Ohio state court judicial officials. Further, Mr. Davenport does not attempt to rebut the Magistrate Judge's other findings. An objection "that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)) (An objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

Even if Plaintiff's Objections presented facts to support a conspiracy claim, Mr. Davenport's argument fails on the merits. First, Judge Sheward and Bailiff Griffin are not named defendants in this action. Second, in 2014, this Court addressed a nearly identical claim made by Mr. Davenport against other government officials involved in his state criminal law case. *Davenport v. Cooper*, No. 2:14-cv-0392, 2014 WL 6909508, at * 1 (S.D. Ohio Dec. 8, 2014). Relevant here, this Court stated:

> Absolute judicial immunity operates to protect judges from liability for monetary damages in connection with actions taken by them in their judicial capacity. *DePiero v. City of Macedonia,* 180 F.3d 770, 783 (6th Cir.1999) ("Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits"). Court clerks or bailiffs are immune from such liability for actions taken by them at the direction of the judge. *Huffer v. Bogen,* 503 F. App'x 455, at *5 (6th Cir. November 1, 2012) (citing *Foster v. Walsh,* 804 F.2d 416, 417 (6th Cir.1988)).

(*Id.* at *3 (adopting Magistrate Judge's R&R)). When a judge seeks to determine whether a defendant should be appointed counsel, the judge is performing a judicial function and is immune

from suit. By extension Bailiff Griffin receives that same immunity when he acted upon Judge Sheward's direction by temporarily holding Mr. Davenport in jail while Judge Sheward considered Plaintiff's request to appoint counsel.

Finally, any allegations Mr. Davenport makes regarding Attorney Boggs fitness or eligibility to be his attorney are improperly raised at this time. Absent compelling reasons, parties cannot raise new arguments or issues through Objection that were not presented to the Magistrate Judge. *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1070 (N.D. Ohio 2014) (citing *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Because this argument was not before the Magistrate Judge, this Court cannot entertain the argument at this stage of the litigation.

## IV. CONCLUSION

For the foregoing reasons, the R&R (ECF No. 7) is **ADOPTED**, and Plaintiffs' Objections (ECF No. 10) are **OVERRULED**. Because an appeal of this Order adopting the R&R would not be taken in good faith, Plaintiff is **DENIED LEAVE** to appeal *in forma pauperis*. Accordingly, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 30, 2023**